## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joshua M. Ambush** | **Civil No.: 15-1237-EGS** |
| **Plaintiff,** | **Re: Breach of Contract, RICO Act** |
| **v.** | |
| **Michael Engelberg, et al.** | |
| **Defendants.** | |

### MOTION TO DISQUALIFY COUNSEL CHARLES R. BOTH AND NEAL M. SHER

**TO THE HONORABLE COURT:**

      **COMES NOW,** plaintiff Joshua M. Ambush, Esq. ("Ambush"), through the undersigned counsel, and respectfully states, alleges and prays as follows:

### I.  Introduction

      On August 26, 2015, counsel Charles R. Both and Neal M. Sher entered an appearance by way of a "Motion for Enlargement of Time to Respond to Complaint and Supporting Memorandum of Law." <u>See</u> Doc. 9.  Counsel Both and Sher appeared for **defendants** Eliezer Perr, Yedidiah Perr, American Center for Civil Justice, Inc., American Center for Civil Justice, Inc. (N.J.), American Center for Civil Justice, Religious Liberty and Tolerance, Inc., and **Neal M. Sher** (the "Perr Defendants").  <u>See</u> *Id.*  However, as discussed below, counsel Both and Sher are subject to several conflicts of interest, among other reasons, that preclude them from representing the Perr Defendants in this case.  These clear conflicts of interest will eventually require counsel Both and Sher to withdraw from representing the Perr Defendants.  Instead of waiting for any of the defendants in this case to raise the issue at a later date in which the proceedings in this case will be more advanced, causing unnecessary delay in the case and

derailing the process, Ambush brings up the issues now for the benefit of all the parties to the proceedings and the Honorable Court.

## II. Facts

1. On or before September 12, 2012, plaintiff Ambush entered into a settlement agreement ("Settlement Agreement") with defendants the American Center for Civil Justice, Inc. ("ACCJ"), Michael Engelberg ("Engelberg"), and Eliezer Perr ("Perr"), to settle the related case of <u>American Center for Civil Justice v. Ambush</u>, Civil No. 09-233 (PLF) (D.D.C.) ("<u>ACCJ v. Ambush</u>"). <u>See</u> Settlement Agreement, Doc. 1-1.

2. At that time, Engelberg was acting as the president of the ACCJ and was also a member of its board. <u>See</u> <u>American Center for Civil Justice v. Ambush</u>, Civil No. 09-233 (PLF) (D.D.C.), Doc. 18-2, ¶ 1.

3. Counsels Both and Sher were counsel for ACCJ in the case of <u>ACCJ v. Ambush</u>. They were also counsel for ACCJ, Engelberg and Perr for the negotiation of the Settlement Agreement. <u>See</u> <u>American Center for Civil Justice v. Ambush</u>, Civil No. 09-233 (PLF) (D.D.C.), Docs. 90 and 121.

4. Many of the claims that Ambush is making in this case against ACCJ, Engelberg and Perr arise from various breaches of the Settlement Agreement. <u>See</u> Complaint, Doc. 1, ¶¶ 140-177, 256-272.

5. Ambush is also making claims against all defendants, including Sher, for violations of the Racketeering and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. § 1962 et seq. <u>See</u> Complaint, Doc. 1.

6. Engelberg is not represented in this case by counsel Both and Sher, but by other counsel. <u>See</u> Doc. 8.

7.  Engelberg, by himself and derivatively in representation of ACCJ, is currently suing Perr, Yedidiah Perr, and also ACCJ, among others, in the case of <u>Engelberg, et al., v. Perr, et al.,</u> Index No. 606919/2014 before the Supreme Court of the State of New York, County of Nassau ("<u>Engelberg v. Perr</u>").  The claims by Engelberg against Perr and Yedidiah Perr in that case are related to the transactions and businesses of ACCJ, including the underlying facts and issues that were litigated in the case of <u>ACCJ v. Ambush</u> and that led to the execution of the Settlement Agreement.  <u>See</u> Exhibit 1, Complaint in <u>Engelberg v. Perr</u>, ¶¶ 87-144.

8.  Counsel Sher is acting as counsel for Perr, Yedidiah Perr, and ACCJ in the case of <u>Engelberg v. Perr</u>.  <u>See</u> Exhibit 2, Verified Answer and Counterclaim in <u>Engelberg v. Perr</u>.  Even more, counsel Sher was the person who verified and affirmed under penalty of perjury the Verified Answer and Counterclaim in <u>Engelberg v. Perr</u>.  <u>See</u> *Id*.

9.  Counsel Both is also involved in the representation of Perr, Yedidiah Perr, and ACCJ in the case of <u>Engelberg v. Perr</u>.

10.  According to Engelberg, "[i]n June 2011, the ACCJ formally employed Sher as the Center's [ACCJ] in-house counsel."  <u>See</u> Exhibit 1, Complaint in <u>Engelberg v. Perr</u>, ¶ 75.

11.  In addition to appearing as counsel for the Perr Defendants, counsel Sher is also a defendant in this case.  <u>See</u> Complaint, Doc. 1, ¶ 15.  He is acting as counsel for himself, *pro se*, as a defendant, but also as counsel for all the other defendants that compose the group of the Perr Defendants.

12. On August 28, 2003, counsel Sher was disbarred from the D.C. Court of Appeals. See In re Sher, 830 A.2d 1262 (D.C. Ct. App. 2003).

13. On February 3, 2004, counsel Sher was disbarred from the U.S. Court of Appeals for the D.C. Circuit.  See In re Sher, 2004 WL 287138 (D.C. Cir. 2004).

14. On February 14, 2005, counsel Sher was suspended from his practice in the State of New York for one year for being "guilty of serious professional misconduct which involves dishonesty, fraud, deceit, and misrepresentation."  See In re Sher, 15 A.D.3d 123, 125-126 (N.Y. App. Div. 2005).

## III. Applicable Law

Rule 1.7 of the D.C. Rules of Professional Conduct (the "Rules"), provides:

Rule 1.7 Conflict of Interest: General Rule

(a) A lawyer shall not advance two or more adverse positions in the same matter.

(b) Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if:

(1) That matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer;

(2) Such representation will be or is likely to be adversely affected by representation of another client;

(3) Representation of another client will be or is likely to be adversely affected by such representation;

(4) The lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests.

(c) A lawyer may represent a client with respect to a matter in the circumstances described in paragraph (b) above if

(1) Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation; and

(2) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client.

(d) If a conflict not reasonably foreseeable at the outset of representation arises under paragraph (b)(1) after the representation commences, and is not waived under paragraph (c), a lawyer need not withdraw from any representation unless the conflict also arises under paragraphs (b)(2), (b)(3), or (b)(4).

Rule 1.7.

Rule 1.9 provides:

Rule 1.9 Conflict of Interest: Former Client

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

Rule 1.9.

This court has previously held the following:

(1) "the attorney accused of the violation is a 'former attorney' with respect to a party presently before the court," (2) "the subject matter of the former representation is the same as, or substantially related to, the present matter on which the alleged violation of Rule 1.9 is based," and (3) "the interests of the former client are adverse to the interests of the party represented by the attorney who is accused of violating Rule 1.9."

Headfirst Baseball, LLC, v. Elwood, 999 F.Supp.2d 199, 208 (D.D.C. 2013), quoting from GEO

Specialty Chems., Inc. v. Husisian, 951 F.Supp.2d 32, 41 (D.D.C. 2013).

"In the case of an organizational client […] knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation."  Rule 1.9, Official Comment 3.

Rule 3.7 provides:

Rule 3.7 Lawyer as Witness

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

Rule 3.7.

Official Comments 1 and 2 for Rule 3.7 state:

[1] Combining the roles of advocate and witness **can prejudice the opposing party** and can involve a conflict of interest between the lawyer and client.

[2] **The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.** A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Rule 3.7, Official Comments 1 and 2 (our emphasis).

Official Comment 5, in the pertinent part, states:

…the combination of roles of advocate and witness may involve an improper conflict of interest between the lawyer and the client in addition to or apart from possible prejudice to the opposing party. Whether there is such a client conflict is determined by Rule 1.7 or 1.9. For example, if there is likely to be a significant conflict between the testimony of the client and that of the lawyer, the representation is improper by the standard of Rule 1.7(b) without regard to Rule

> 3.7(a). The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party.

Rule 3.7, Official Comment 5.

Regardless of whether the attorney's testimony would be consistent with, or adverse to the client's position, if the testimony is related to a contested issue, Rule 3.7 states that the attorney "shall not act as advocate." See Headfirst Baseball, LLC, 999 F.Supp.2d at 214.

This Honorable Court has recognized that a party may have standing to request the disqualification of opposing counsel when it is "absolutely necessary to preserve the integrity of the adversary process." Pigford v. Veneman, 355 F.Supp.2d 148, 166-167 (D.D.C. 2005), quoting from Pigford v. Veneman, 217 F.Supp.2d 95, 99-100 (D.D.C. 2002). See also Koller ex rel. Koller v. Richardson-Merrell, Inc., 737 F.2d 1038, 1055-56 (D.C.Cir. 1984), vacated on other grounds, 472 U.S. 424 (1985); and Cauderlier & Associates, Inc. v. Zambrana, 2006 WL 3445493, *3 (D.D.C. 2006). Other courts have held the same. See Colyer v. Smith, 50 F.Supp.2d 966, 968 (C.D.Cal. 1999); Foley-Ciccantelli v. Bishop's Grove Condominium Ass'n, Inc., 333 Wis.2d 402, 438, 797 N.W.2d 789, 807 (Wis. 2011) ("a non-client party has standing to move for disqualification of opposing counsel, when the prior representation is so connected with the current litigation that the prior representation is likely to affect the just and lawful determination of the non-client party's position"); FMC Techs., Inc. v. Edwards, 420 F.Supp.2d 1153, 1156–57 (W.D.Wash. 2006) (when complainant shows that the ethical conflict at issue sufficiently impacts the just and lawful determination of their claims and the conflict is so intertwined with the current litigation, the court will consider the complainant's motion to disqualify opposing counsel); In re Cellcyte Genetic Corp. Securities Litigation, 2008 WL 5000156, *2 (W.D. Wash. 2008) (court "…must act to protect the integrity of the process and to protect the litigants."); Hjersted Family Ltd. Partnership v. Hallauer, 2007 WL 2789829 (D. Kan.

2007), *3 ("The court has the inherent power to disqualify counsel 'where necessary to preserve integrity of the adversary process.'"), *4 ("...where the conflict of interest is 'such as clearly to call in question the fair or efficient administration of justice,' opposing counsel can object to the representation…").

Courts have also found standing to request the disqualification of opposing counsel when that counsel is a potential witness in the case.  See Xcentric Ventures, LLC v. Stanley, 2007 WL 2177323 (D. Ariz. 2007); and Mutual Group U.S. v. Higgins, 259 Neb. 616, 611 N.W.2d 404 (Neb. 2000).  Official comments 1 and 2 to Rule 3.7, expressly recognize that a party may suffer harm and be prejudiced by having the lawyer for the opposing party act as an advocate and a witness.  See Rule 3.7, Official Comment 1 ("Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client."); and Official Comment 2 ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation…").  In this case, the fact that the opposing counsel is not just a witness, but also a codefendant along with his clients, makes it even worse.

An eventual disqualification of counsel will harm plaintiff by delaying the resolution of the case and causing additional expenses to all the parties.  See Headfirst Baseball, LLC, 999 F.Supp.2d at 213 ("The plaintiffs are thus advised that the Court might, upon motion of the defendants, later disqualify Williams & Connolly. The plaintiffs should therefore bear in mind that such proceedings will only delay further the expeditious resolution of this case."); Mutual Group U.S. v. Higgins, 259 Neb. at 620 ("…if the trial court would subsequently determine that Higgins' counsel should be disqualified, the trial would at a minimum be delayed to allow Higgins to obtain new counsel, or a mistrial be declared. Either of these events would cause

delay and additional expense to Mutual Group."); and <u>In re Cellcyte</u>, 2008 WL 5000156, *3
("…once a trial is underway, bringing in other counsel is no simple matter. Doing so would
result in significant delay for everyone involved and possibly increase costs for the clients.").

"Because a claim of counsel's conflict of interest calls into question the integrity of the
process in which the allegedly conflicted counsel participates, the court should resolve a motion
to disqualify counsel before it turns to the merits of any dispositive motion." <u>Grimes v. District
of Columbia</u>, 2015 WL 4430157, *1 (D.C. Cir. 2015). Therefore, the sooner the court deals with
this issue of disqualification, the better it is for all the parties involved and for the court.

## IV. Neal M. Sher should be disqualified as counsel for the Perr Defendants

On August 28, 2003, Neal M. Sher was disbarred from the D.C. Court of Appeals. <u>See</u> <u>In re
Sher</u>, 830 A.2d 1262 (D.C. Ct. App. 2003). On February 3, 2004, he was also disbarred from the
U.S. Court of Appeals for the D.C. Circuit. <u>See</u> <u>In re Sher</u>, 2004 WL 287138 (D.C. Cir. 2004).
On February 14, 2005, Sher was suspended from his practice in the State of New York for one
year for being "guilty of serious professional misconduct which involves dishonesty, fraud,
deceit, and misrepresentation." <u>See</u> <u>In re Sher</u>, 15 A.D.3d 123, 125-126 (N.Y. App. Div. 2005).

The Local Rules of this District provide that "[a]n attorney subject to these Rules who has
been suspended for more than 30 days or disbarred by another court shall be automatically
suspended from practice in this Court." LCvR 83.16(c)(1). Since he was permanently disbarred
by the D.C. Court of Appeals and the U.S. Court of Appeals for the D.C. Circuit, and also
suspended for one year in the State of New York, Sher should not be permitted to practice before
this Honorable Court.

Rule 1.7 prohibits lawyers to represent clients with conflicting interests in the same matter.
<u>See</u> Rule 1.7 (a) and (b). Sher is a defendant in this case. Plaintiff made claims under the RICO

Act against Sher, including claims for conspiracy.  As a defendant, Sher has his "own financial, business, property, or personal interests" at stake in this case.  <u>See</u> Rule 1.7(b)(4).  By having his own personal interests at stake in this matter due to the claims against him, Sher will face a conflict between his own personal interests and the interests of the other Perr Defendants, including ACCJ, an entity for which Sher has acted as in-house counsel and for which he is currently acting as counsel against the claims being made by codefendant Engelberg, its former president, in the case of <u>Engelberg v. Perr</u>.  The potential for multiple conflicts of interest in this case is too high.

Sher should be disqualified as counsel for the Perr Defendants under Rule 1.7.

Rule 1.9 prohibits a lawyer who has formerly represented a client in a matter to "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Rule 1.9.  Sher represented Engelberg, Perr and ACCJ in the related case of <u>ACCJ v. Ambush</u>.  At that time, Engelberg was the president of the ACCJ and also served as a member of its board.  Sher, on the other hand, has acted as in-house counsel for ACCJ.  That case ended with the Settlement Agreement which is object of this complaint and for which Ambush is claiming breach against Engelberg, Perr and ACCJ.  There can be no doubt that Ambush's claim for breach of the Settlement Agreement is substantially related to the case of <u>ACCJ v. Ambush</u> and the negotiation of the Settlement Agreement itself.  In addition, the interests of Engelberg, a former client of Sher and past president of ACCJ and a member of its board, are now materially adverse to the interests of Perr and ACCJ, current clients of Sher in this case and in the case of <u>Engelberg v. Perr</u>.  In <u>Engelberg v. Perr</u>, Engelberg is making claims that are substantially related to the case of <u>ACCJ v. Ambush</u>.  <u>See</u> Exhibit 1, Complaint in <u>Engelberg v. Perr</u>, ¶¶ 87-

144.  In fact, Engelberg is claiming that Perr and Yedidiah Perr embezzled from ACCJ funds that should have gone to ACCJ after the execution of the Settlement Agreement.

Sher should be disqualified as counsel for the Perr Defendants under Rule 1.9.

Rule 3.7 prohibits lawyers to act in the same case as an advocate of his client and a necessary witness.  In this case, Sher goes even further: he is an advocate for the Perr Defendants, he will act as a necessary witness, and he is also a codefendant.  "Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client."  Rule 3.7, Official Comment 1.  "The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."  Rule 3.7, Official Comment 2.

There is no question that Sher will be a necessary witness.  He was involved in the RICO conspiracy for which Ambush claims, including the case of ACCJ v. Ambush, the Settlement Agreement, and the multiple allegations of fraud for which Engelberg is making claims in Engelberg v. Perr.  In addition to the conflicts of interests involved, it will not be clear whether Sher will be testifying from his personal knowledge or the knowledge he acquired as counsel for the Perr Defendants.  It will not be clear whether he will be testifying on his own defense or for the benefit of his clients.  The issues of which information will be covered by the attorney-client privilege when asked to testify will further complicate the proceedings in this case.  In any case, whether the testimony to be provided by Sher is adverse or beneficial to his clients' position is irrelevant.  See Headfirst Baseball, LLC, 999 F.Supp.2d at 214.  Rule 3.7 prohibits Sher from representing the Perr Defendants in this case.

Sher should be disqualified as counsel for the Perr Defendants under Rule 3.7.

**V.  Charles R. Both should be disqualified as counsel for the Perr Defendants**

For the same reasons and arguments discussed above as to Sher's disqualification under Rule 1.9, Charles R. Both should also be disqualified.  Counsel Both also represented Engelberg, Perr and ACCJ in the related case of <u>ACCJ v. Ambush</u>.  That was the case that led to the Settlement Agreement.  Counsel Both is also involved in the defense of ACCJ, Perr and Yedidiah Perr in the case of <u>Engelberg v. Perr</u>, in which Engelberg, his former client and past president of his current client ACCJ, is suing Perr, Yedidiah Perr and ACCJ for claims related to the case of <u>ACCJ v. Ambush</u> and the Settlement Agreement, among others.  <u>See</u> Exhibit 1, Complaint in <u>Engelberg v. Perr</u>, ¶¶ 87-144.

Counsel Both should also be disqualified as counsel for the Perr Defendants under Rule 1.9.

**VI. Conclusion**

Counsels Both and **Sher, attorneys for defendants** Eliezer Perr, Yedidiah Perr, American Center for Civil Justice, Inc., American Center for Civil Justice, Inc. (N.J.), American Center for Civil Justice, Religious Liberty and Tolerance, Inc., and **Neal M. Sher**, should be disqualified for various reasons under the applicable D.C. Rules of Professional Conduct.

Counsels Both and Sher were previously lawyers for defendants Michael Engelberg, Eliezer Perr and the American Center for Civil Justice, Inc., in the related case of <u>ACCJ v. Ambush</u> that led to the execution of the Settlement Agreement between plaintiff Ambush and defendants Engelberg, Perr and ACCJ.  Now that Both and Sher's former client, Engelberg, is suing defendants Perr, Yedidiah Perr and ACCJ in another case, but with claims related to the Settlement Agreement and the claims in this case, they are involved in several conflicts of interest between their former client Engelberg, and their current clients, Perr, Yedidiah Perr and ACCJ.  Rule 1.9 requires their disqualification.

Rule 1.7 also requires the disqualification of Sher as counsel for the Perr Defendants.  Sher himself is a defendant in this case and part of the group of Perr Defendants.  Therefore, Sher has his own personal interests at stake in this case and cannot act as defendant, counsel for himself *pro se*, and also counsel for the other Perr Defendants.

Rule 3.7 also requires the disqualification of Sher.  As a defendant in this case who was involved in the acts and events that constitute the RICO conspiracy, Sher will be a necessary witness for himself and against the other defendants.  The legitimacy of the proceedings in this case will be compromised, harming plaintiff Ambush, by having a defendant and necessary witness testifying for himself and against other defendants while, at the same time, acting as his own lawyer and lawyer for other defendants.  This situation goes far beyond the situation that Rule 3.7 was designed to avoid.

Finally, counsel Sher should be disqualified because, under the Local Rules of this District that require reciprocal disciplinary action, he should not be able to practice in this jurisdiction.

This Honorable Court "…must act to protect the integrity of the process and to protect the litigants."  In re Cellcyte, 2008 WL 5000156, *2.  "The court has the inherent power to disqualify counsel 'where necessary to preserve integrity of the adversary process.'"  Hjersted Family Ltd. Partnership, 2007 WL 2789829, *3.  "In the end, the fairness of the proceedings must prevail."  In re Cellcyte, 2008 WL 5000156, *5.

**WHEREFORE,** plaintiff Joshua M. Ambush, Esq., respectfully requests the disqualification of Charles R. Both and Neal M. Sher as counsel for defendants Eliezer Perr, Yedidiah Perr, American Center for Civil Justice, Inc., American Center for Civil Justice, Inc. (N.J.), American Center for Civil Justice, Religious Liberty and Tolerance, Inc., and Neal M. Sher.

**Respectfully submitted,**

In San Juan, Puerto Rico, September 17, 2015.

**/s/ Ángel Sosa**
Mr. Ángel Sosa
DC Bar No. 1,000,094
E-mail: asosa@tcmrslaw.com

**/s/ Jaime E. Toro-Monserrate**
Mr. Jaime E. Toro-Monserrate
Pro Hac Vice
E-mail: jetoro@tcmrslaw.com

**Toro, Colón, Mullet, Rivera & Sifre, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed this document using the CM/ECF system, which will send a notification of the filing and a copy of this document to all counsel of record.

**/s/ Ángel Sosa**
Mr. Ángel Sosa
DC Bar No. 1,000,094
E-mail:asosa@tcmrslaw.com

**Toro, Colón, Mullet, Rivera & Sifre, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

motion disqualify both sher v3