UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Joshua M. Ambush<br><br>Plaintiff,<br><br>v.<br><br>Michael Engelberg, et al.<br><br>Defendants. | Civil No.: 15-1237-EGS<br><br>Re: Breach of Contract, RICO Act |

## SECOND SUPPLEMENT TO MOTION TO DISQUALIFY COUNSEL CHARLES R. BOTH AND NEAL M. SHER

**TO THE HONORABLE COURT:**

  **COMES NOW,** plaintiff Joshua M. Ambush, Esq. ("Ambush"), through the undersigned counsel, and respectfully states, alleges and prays as follows:

1. On September 17, 2015, plaintiff Ambush filed a Motion to Disqualify Counsel Charles R. Both and Neal M. Sher (the "Motion to Disqualify"). See Doc. 11.

2. On September 24, 2015, plaintiff filed a first supplement to the Motion to Disqualify. See Doc. 12.

3. On October 16, 2015, the American Center for Civil Justice, Inc. ("ACCJ"), Eliezer Perr ("Perr"), Neal Sher ("Sher") and other defendants (the "Perr Defendants") filed their opposition to the Motion to Disqualify. See Doc. 14.

4. As stated in the Complaint in this case, defendant Michael Engelberg ("Engelberg") filed a shareholders' derivative suit against Perr and others, in the case of Engelberg v. Perr, et al., Case No. 606919/2014, before the Supreme Court of New York (Nassau County) ("Engelberg v. Perr"). See Doc. 1, ¶ 224.

5. On December 9, 2015, Engelberg filed his own motion to disqualify counsel in the case of Engelberg v. Perr. Engelberg moved the court to disqualify counsel for defendants, including Neal Sher and Efrem Schwalb, on similar grounds as those argued by plaintiff Ambush in his Motion to Disqualify filed in this case. See Exhibit 1 to this motion, Motion to Disqualify in Engelberg v. Perr.

6. On January 7, 2016, the parties in Engelberg v. Perr reached a stipulation as to Engelberg's motion to disqualify counsel. See Exhibit 2 to this motion, Stipulation in Engelberg v. Perr.

7. Since the parties, their lawyers and the grounds for disqualification in the Motion to Disqualify in this case, and the motion to disqualify filed by Engelberg in the case of Engelberg v. Perr, are very similar, plaintiff believes that those documents filed in the case of Engelberg v. Perr by the defendants in this case are relevant and may help this Honorable Court to analyze the facts and issues related to the Motion to Disqualify pending here. See Docs. 11, 12 and 14. For that reason, plaintiff Ambush is filing those documents as exhibits to this motion, to be incorporated as exhibits to the Motion to Disqualify.

8. This Honorable Court should take note that the motion to disqualify filed by Engelberg in the case of Engelberg v. Perr was filed on December 9, 2015, **after** he had stated on October 2, 2015, that there was no conflict in this case at that time. See Doc. 14-3, Letter from David D. Howe to Charles R. Both and Neal M. Sher, October 2, 2015, page 1 ("We write to put you on notice of a potential ground for your disqualification as counsel in this matter, based on your representation of Dr. Engelberg in connection with the prior litigation between ACCJ and Joshua Ambush. See Rule 1.9 of the D.C. Bar Rules of Professional Conduct. I say "potential" because, at this time, our clients appear to have a common interest in obtaining

Ambush v. Engelberg, et al.
Second Supplement to Motion to Disqualify
Page 2 of 6

dismissal of the action, and I am not aware that they will be advocating adverse positions. However, if an adversity develops, the disqualification issue under this rule could ripen.").

9. As stated above, Engelberg's filing of a motion to disqualify in the case of Engelberg v. Perr, and the letter sent by David Howe, Doc. 14-3, confirm what Ambush had argued in his Motion to Disqualify, Doc. 11, that is, that counsel Both and Sher have conflicts of interest and have to be disqualified under the applicable rules. What Engelberg is doing is saving his claim of disqualification for a later stage in this case. This Honorable Court should not permit that strategy for two reasons previously stated by Ambush in the Motion to Disqualify.

10. First, the Court has to resolve the Motion to Disqualify **before** taking any further action in the case. "Because a claim of counsel's conflict of interest calls into question the integrity of the process in which the allegedly conflicted counsel participates, **the court should resolve a motion to disqualify counsel before it turns to the merits of any dispositive motion.**" Grimes v. District of Columbia, 794 F.3d 83, 86 (D.C. Cir. 2015) (emphasis added). "The district court erred in failing to consider Grimes's motion to disqualify counsel for the District of Columbia before ruling on the government's summary judgment motion." *Id*, at 89. The Court of Appeals for the D.C. Circuit also held the following:

> The district court did not consider the merits of the attorney-disqualification motion. Instead, after granting summary judgment against Grimes, the court denied that motion as moot. Typically, a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed. […] That discretion is limited, however, in circumstances such as these. Because a conflict of interest could affect the fairness and impartiality of the proceeding, or the perception of fairness and impartiality, **we hold that a plausible claim of conflict must be resolved before allegedly conflicted counsel or the court takes further action in the case.**
>
> For the very reasons that the ethics rules forbid lawyers to enter into representations that create conflicts of interest or the appearance thereof, a

Ambush v. Engelberg, et al.
Second Supplement to Motion to Disqualify
Page 3 of 6

district court must promptly address allegations of conflict. As the Sixth Circuit recently held in a similar case, "**[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely**." Bowers v. Ophthalmology Grp., 733 F.3d 647, 654 (6th Cir. 2013). The Bowers court emphasized that conflicts of interest are particularly problematic at the summary judgment stage, making it "especially important" to prioritize ruling on a disqualification motion before deciding a Rule 56 motion. Id. For example, "if counsel has a conflict from previously representing the party seeking disqualification ... there is a risk that confidential information could be used in preparing or defending the motion for summary judgment...." Id. Resolving asserted conflicts before deciding substantive motions assures that no conflict taints the proceeding, impairs the public's confidence, or infects any substantive motion prepared by or under the auspices of conflicted counsel.

The structural importance of counsel's avoidance of conflicts of interest and any appearance of such conflicts, and the high respect due to binding requirements of professional responsibility, support the Bowers approach. **Once a party moves to disqualify an adverse party's counsel, the district court may not entertain a dispositive motion filed by the very counsel alleged to be conflicted until the court has first determined whether that counsel is disqualified.** As in Bowers, the district court here erred in first granting summary judgment and then denying as moot the motion to disqualify. That error requires us to vacate the district court's grant of summary judgment and its denial of the motion to disqualify, and remand for the district court to consider the motion to disqualify before ruling on summary judgment.

*Id*, at 90-91 (emphasis added, internal citations omitted).

11. Second, the Court should resolve the Motion to Disqualify before anything else because an eventual disqualification of counsel will harm plaintiff by delaying the resolution of the case and causing additional expenses to all the parties. See Headfirst Baseball, LLC, v. Elwood, 999 F.Supp.2d 199, 213 (D.D.C. 2013); Mutual Group U.S. v. Higgins, 259 Neb. 616, at 620, 611 N.W.2d 404 (Neb. 2000); and In re Cellcyte Genetic Corp. Securities Litigation, 2008 WL 5000156, *3 (W.D. Wash. 2008).

**WHEREFORE,** plaintiff Joshua M. Ambush, Esq., respectfully requests the Honorable Court to: (1) take notice of the above and of the attached exhibits, incorporating them as Exhibits

Ambush v. Engelberg, et al.
Second Supplement to Motion to Disqualify
Page 4 of 6

6 and 7 to the Motion to Disqualify, Doc. 11; (2) make a ruling on the Motion to Disqualify before any other motion; (3) grant plaintiff's Motion to Disqualify, ordering the disqualification of Charles R. Both and Neal M. Sher as counsel for defendants Eliezer Perr, Yedidiah Perr, American Center for Civil Justice, Inc., American Center for Civil Justice, Inc. (N.J.), American Center for Civil Justice, Religious Liberty and Tolerance, Inc., and Neal M. Sher; and (4) strike from the record all the filings made by disqualified counsel.

**Respectfully submitted,**

In San Juan, Puerto Rico, January 29, 2016.

/s/ **Ángel Sosa**
Mr. Ángel Sosa
DC Bar No. 1,000,094
E-mail: asosa@tcmrslaw.com

/s/ **Jaime E. Toro-Monserrate**
Mr. Jaime E. Toro-Monserrate
Pro Hac Vice
E-mail: jetoro@tcmrslaw.com

**Toro, Colón, Mullet, Rivera & Sifre, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed this document using the CM/ECF system, which will send a notification of the filing and a copy of this document to all counsel of record.

/s/ **Ángel Sosa**
Mr. Ángel Sosa
DC Bar No. 1,000,094
E-mail:asosa@tcmrslaw.com

Ambush v. Engelberg, et al.
Second Supplement to Motion to Disqualify
Page 5 of 6

**Toro, Colón, Mullet, Rivera & Sifre, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

supplement 2 motion disqualify both sher v3

Ambush v. Engelberg, et al.
Second Supplement to Motion to Disqualify
Page 6 of 6